UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RODNEY M. SAMUELSON, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>MONUMENT HEALTH, INC., F/K/A REGIONAL HEALTH, INC., F/K/A MONUMENT HEALTH PHYSICIANS, INC., F/K/A REGIONAL HEALTH PHYSICIANS, INC.; AND MONUMENT HEALTH RAPID CITY HOSPITAL, INC., F/K/A RAPID CITY REGIONAL HOSPITAL, INC.,<br><br>Defendants. | 5:23-CV-5091<br><br>**JOINT DISCOVERY REPORT AND SCHEDULING INFORMATION** |

COME NOW the parties in the above-captioned action, by and between their respective counsel of record, and hereby jointly submit this report of the meeting required pursuant to Fed. R. Civ. P. 26(f).

**A. Date and Place of the Meeting and Identification of the Parties and their Attorneys**

1. Counsel for the parties conferred telephonically at 12:00 p.m. MDT/1:00 p.m. CST on March 28, 2024.

   Attorney Sara Frankenstein of Gunderson, Palmer, Nelson & Ashmore, LLP, participated on behalf of Plaintiff Rodney M. Samuelson, M.D.

   Attorney Delia M. Druley of Evans, Haigh & Arndt, LLP, participated on behalf of Defendants Monument Health, Inc., Monument Health Physicians, Inc., and Monument Health Rapid City Hospital, Inc. (hereinafter "Monument Health").

2. Name of any liability insurance carriers who may have coverage, whether primary of excess, applicable to the claims and amount of liability coverage available.

Monument Health has a self-insured retention in the sum of $250,000, excess coverage in the amount of $15 million with Travelers Casualty and Surety Company of America, and additional excess coverage in the amount of $5 million through Ace American Insurance Company.

**B. Description of the Case**

3. **A brief non-argumentative narrative of the facts giving rise to lawsuit, including a description of legal claims and defenses:**

Plaintiff asserts he suffered a traumatic brain injury in 1993, which he contends caused symptoms akin to autism or Asperger's Syndrome. In late 2020, Plaintiff sought reasonable accommodations, beginning the interactive process.

On August 4, 2021, Monument Health terminated Plaintiff's employment.

Monument Health contends that it terminated Plaintiff's employment because an internal audit revealed that Plaintiff had committed a Category 5 HIPAA violation, requiring termination. Plaintiff contends that this is pretext for unlawful discrimination based upon his disability and his request for accommodation.

Plaintiff has asserted claims for ADA discrimination, failure to engage in the interactive process in good faith under the ADA, failure to accommodate under the ADA, and retaliation for making an ADA accommodation request.

Defendant denies these allegations and asserts the affirmative defenses raised in the Answer.

4. **Jurisdictional basis of the case:**

Plaintiff invokes this Court's federal question jurisdiction under 28 U.S.C. § 1331, through the Americans with Disabilities Act of 1990, as amended 42 U.S.C. §§ 12101.

5. **Material issues to be resolved:**

Liability and damages.

**C. Pleadings**

7. All pleadings which have been served by the various parties to date have been filed electronically with the Clerk of Courts. At this point, the parties do not anticipate any additional amendments to the pleadings on file, but reserve the right to do so within the timeframe set by any scheduling order issued by the Court.

8. The parties propose **June 10, 2024,** as the deadline for amendment of pleadings and

adding parties.

9. A jury trial is available to the parties and has been timely demanded by both parties.

**D. Initial Discovery Plan**

10. The parties propose that initial disclosures shall be served on or before **May 6, 2024.**

**E. Discovery Plan**

11. The procedure to be used for disclosure or discovery of electronic information:

The parties will work with each other for the disclosure and discovery of electronic information. The parties will file any appropriate motions if assistance is needed.

12. The parties propose that the number of interrogatories be limited to 35 per party.

13. The parties propose that each party be permitted to take one deposition per fact witness, as well as depositions of expert witnesses.

14. The parties propose that the length of depositions be limited to FRCP 30(d)(1) of seven hours each.

15. The parties propose a discovery deadline of **December 6, 2024.**

16. Number of expert witnesses, if any, each party anticipates calling at trial, and a brief description of the type of experts anticipated:

Plaintiffs anticipates, at this time, calling expert witnesses on the topics of proper HR methods and ADA compliance, HIPAA issues, hospital management expert, vocational expert, economist.

At a minimum, the Defendants anticipate calling expert witnesses to rebut Plaintiffs' experts.

17. The parties propose that Plaintiffs' deadline for disclosure of expert witnesses and reports shall be **September 6, 2024**. The parties propose that the deadline for disclosure of defense experts and their reports shall be **November 4, 2024.**

18. Whether the parties anticipate expert depositions:

Yes, the parties intend to depose all experts for discovery purposes and may also depose for trial purposes if designated as an expert for trial.

19. The number of expert depositions each party will be permitted to take:

The parties anticipate that each will take one discovery deposition of each of the others' experts. Each party reserve the right to take a trial deposition of their own expert in addition to the discovery deposition taken by opposing counsel if an expert is unable to be present to testify in person at trial.

20. The parties propose that supplementation of discovery responses be made pursuant to the Federal Rules of Civil Procedure.

**F. Dispositive Motions and Trial**

21. The parties propose a dispositive motion deadline of **February 7, 2025.**

22. The parties estimate that trial of the case, including jury selection and instructions, will take up to five days.

23. The parties do not consent to the assignment of the case to a United States Magistrate Judge at this time.

**G. Settlement**

24. The parties should fully explore the possibility of settling this case at the Rule 26(f) meeting. If the case does not settle, the parties will be fully prepared to advise the court about the status of settlement discussions. The parties will advise the court whether they desire a settlement conference with a United States magistrate judge.

Discovery is needed before the parties are in a position to evaluate settlement. The parties will not hesitate to request the assistance of a Magistrate for mediation if they need assistance resolving this matter.

25. **Plaintiff is directed to make a written settlement demand prior to the Rule 26(f) meeting. Defendant will respond in writing to this demand as soon as possible.**

Plaintiff will produce a written settlement demand by May 13, 2024 and Defendant will respond by May 30, 2024.

26. If plaintiff is unable to make a settlement demand, plaintiff will be fully prepared:
    a. To explain the inability;
    b. To advise the court what is needed to evaluate settlement; and
    c. To advise the court of the earliest date the parties can realistically evaluate settlement.

27. Other matters the parties want to raise.

None at this time.

Dated this 3rd day of April, 2024.

GUNDERSON, PALMER, NELSON & ASHMORE, LLP

Sara Frankenstein
506 Sixth Street
P.O. Box 8045
Rapid City, SD 57709
(605) 342-1078
sfrankenstein@gpna.com
*Attorneys for Plaintiff*

Dated this 3rd day of April, 2024.

EVANS, HAIGH & ARNDT, LLP

Delia M. Druley
Edwin Evans
225 East 11th Street, Suite 201
P.O. Box 2790
Sioux Falls, SD 57101
(605) 275-9599
ddruley@ehalawyers.com
eevans@ehalawyers.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendants, hereby certifies on the 3rd day of April, 2024, I caused the following document:

- Joint Discovery Report

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-mail notice of the electronic filing to the following:

Sara Frankenstein
GUNDERSON, PALMER, NELSON & ASHMORE, LLP
506 Sixth Street
P.O. Box 8045
Rapid City, SD 57709
(605) 342-1078
sfrankenstein@gpna.com

*Attorneys for Plaintiff*

*/s/ Delia M. Druley*
Delia M. Druley