UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RODNEY M. SAMUELSON, M.D., <br><br> Plaintiff, <br><br> v. <br><br> MONUMENT HEALTH, INC. F/K/A REGIONAL HEALTH, INC., MONUMENT HEALTH PHYSICIANS, INC., F/K/A REGIONAL HEALTH PHYSICIANS, INC., and MONUMENT HEALTH RAPID CITY HOSPITAL, INC. F/K/A RAPID CITY REGIONAL HOSPITAL, INC., <br><br> Defendants. | 5:23-cv-05091 <br><br><br> **PROTECTIVE ORDER** |

Plaintiff, Rodney M. Samuelson, M.D. filed a Motion for Protective Order, by and through his counsel of record, Sara Frankenstein of Gunderson, Palmer, Nelson & Ashmore, LLP.

The parties are involved in discovery in this matter and discovery will likely require confidential and proprietary information and documents to be produced. The parties were not able to agree on a stipulated protective order.  The Court hereby finds that good cause has been shown for the Protective Order and Plaintiff's Motion for Protective Order is hereby GRANTED.

The following provisions regarding the Confidential treatment of certain documents and information in this case shall hereinafter govern.

    1.    If during the course of this proceeding, any Party or any Non-Party person or entity (hereinafter referred to as a "Disclosing Party") has occasion to

1

disclose documents, information or other materials deemed by such Disclosing Party, or by any Party to this litigation, in good faith, to constitute or contain trade secrets, confidential or proprietary information, information that is believed to invade the privacy of any person, or information that could cause injury to a person or entity's business or reputation, such Disclosing Party may designate the documents or information as "Confidential" by marking such documents or otherwise designating such information as "Confidential". Any such designated documents and information shall hereinafter be collectively referred to as "Protected Information."

    2.    The parties recognize that certain material subject to South Dakota's peer review privilege, codified at SDCL §§ 36-4-26.1, 36-4-42, and 36-4-4, may be disclosed in the above-captioned matter. Specifically, the parties contemplate that Dr. Cleve Trimble will be deposed regarding physician coaching he provided to Plaintiff and his communications with Defendants, which may be construed as peer review activity protected from disclosure under SDCL 36-4-43, and Plaintiff has served Dr. Trimble with a subpoena duces tecum seeking documents that may similarly qualify for peer review protection. The parties recognize that the applicability of the peer review privilege in a federal employment discrimination case, brought under federal anti-discrimination statutes, is an open question in the Eighth Circuit. The parties are also engaged in litigation in South Dakota state court, in the Seventh Judicial Circuit in Pennington, County, captioned *Monument Health, Inc., Monument Health Physicians, Inc., and Monument Health Rapid City Hospital, Inc. v. Rodney Samuelson, M.D.,* 51CIV22-001485 ("the state court matter"). Whether South Dakota's peer review privilege applies in the state court proceeding may be determined by the state court. Accordingly, the parties and their undersigned counsel stipulate and agree that production of peer review material in the above-captioned matter does not in and of itself waive any peer review privilege in the state court

matter and all peer review material disclosed in the above-captioned matter may only be utilized in the above-captioned matter until determined by the state court. It may not be submitted into evidence during a deposition, hearing, trial, or referenced whatsoever in the state court matter until the state court rules on the matter.

      3.      The parties further recognize that Dr. Cleve Trimble and Monument Health are parties to a Confidentiality Agreement. The Confidentiality Agreement covers both protected health information and sensitive business information. The definition of sensitive business information includes both employee information and peer review or quality of care information and requires Dr. Trimble to protect the privacy and security of the information and to use it "only in ways that could be interpreted as in the best interest" of Monument Health. The obligations under the Confidentiality Agreement are continuing. The parties agree that Dr. Trimble's interactions with Dr. Samuelson and Monument Health would be considered sensitive business information under the Confidentiality Agreement. Monument Health agrees that Dr. Trimble may, consistent with the terms of this Protective Order, disclose information that is subject to the Confidentiality Agreement, so long as the procedures outlined in this Protective Order are followed.

      4.      Dr. Samuelson has served Dr. Cleve Trimble with a subpoena duces tecum seeking documents that are subject to the Confidentiality Agreement. The parties agree that before Dr. Trimble produces any documents to Dr. Samuelson pursuant to the subpoena duces tecum, Monument Health shall have thirty (30) days to review the documents and provide a log of any objections to the production of specific documents to counsel for Dr. Trimble and counsel for Dr. Samuelson and to designate if the documents to be disclosed are "Confidential" under the terms of this Protective Order. If after reviewing the log of objections and meeting and conferring in good faith, the parties are unable to agree whether the documents must be

produced, the parties agree to move the Court for an *in camera* review to determine the discoverability of the documents pursuant to Fed. R. Civ. P. 26(c).

5. Monument Health agrees that Dr. Trimble may respond to the subpoena duces tecum and testify in a deposition without breaching the terms of the Confidentiality Agreement, so long as the production of documents and deposition are conducted consistent with the terms of this Protective Order. Monument Health further releases and indemnifies Dr. Trimble for any and all actions, causes of action, suits, complaints, debts, liens, contracts, agreements, obligations, promises, liabilities, claims, demands, damages (including both contractual and extra-contractual damages), losses and expenses (including attorneys' fees and costs actually incurred), which may result from the breach of the Confidentiality Agreement due to his compliance with the Subpoena Duces Tecum issued in this matter or Subpoena for Deposition, so long as Dr. Trimble's production of documents and appearance for a deposition complies with the requirements of this Protective Order.

6. The only parties present at Dr. Trimble's deposition shall be counsel for the parties, Dr. Samuelson, Dr. Trimble, and the court reporter. Dr. Trimble's deposition transcript and the exhibits thereto shall be designated as "Confidential."

7. Protected Information shall mean and include any and all documents, photos, videos, things, information, discovery responses, and other materials produced or created for the purpose of this action, which are designated as "Confidential" or otherwise entitled to protection under the rules of civil procedure in this action, including any subsequently prepared notes, memoranda, copies, extracts, summaries, compilations, and other similar documents relating thereto or derived therefrom.

8. Any Protected Information shall be deemed and treated as such, unless and until counsel for the Disclosing Party stipulates in writing that such specifically

identified Protected Information may be de-classified or until a Court Order is entered modifying the designation made by the Disclosing Party.

9. All Protected Information is to be so designated by stamping the same with the legend "Confidential" at the time of production or by notification, in writing, to all parties that such materials are Confidential and must be marked or deemed as such.

10. In the case of depositions, designation of the portions of the transcript (including exhibits) that contain Protected Information shall be made by a statement to such effect on the record during the course of the deposition or by notification of counsel for the Parties of such designations or by forwarding copies of the pages of the deposition transcript containing Protected Information with the appropriate legend to all other counsel. If a deposition or portion thereof is designated on the record, during the deposition, as "Confidential," the deposition shall continue in the absence of all persons to whom access to Confidential Material is not permitted under this Protective Order. Copies of the portion of the transcript containing Confidential Material may be provided only to persons permitted by the other provisions of this Protective Order to receive such Confidential Material. Upon such notification, the Parties agree to mark all pages of the deposition transcript which contain such testimony or exhibits with the appropriate "Confidential" legend. The Parties further agree to treat all testimony adduced at each deposition as Protected Information for at least fifteen (15) days after receipt of the official deposition transcript. If notice is timely received prior to the expiration of said fifteen (15) day period that a Party or Qualified Person has designated transcript pages or testimony as Confidential, such testimony and/ or pages shall be deemed Protected Information.

11. All Protected Information produced in accordance with this Protective

Order, and any and all copies thereof, any notes, summaries, excerpts, extracts or other writing made therefrom and the information contained therein, shall be used solely for the purpose of the instant litigation proceeding and not for any business or other purpose and shall be disclosed solely to and copied solely by "Qualified Persons" as defined below.

12. Qualified Persons shall retain the Protected Information in the strictest confidence and shall not disclose such information to any person who is not a Qualified Person without the prior written consent of the Parties or by Order of the Court.

13. "Qualified Persons" to whom the Protected Information designated as "Confidential" may be disclosed, on the terms contained herein, shall include only:

   a. The Court, Court reporters and other Court personnel;

   b. Counsel of Record to the parties and the associate, paralegal, clerical and secretarial staff employed by such counsel;

   c. The Parties to the litigation and the current and former officers, directors, members, or employees of the Parties, provided that such persons have direct need for such Confidential Information to participate in or monitor this lawsuit;

   d. Non-party experts and consultants whose advice and consultation are being or will be used in connection with this lawsuit, and their regularly employed staff;

   e. Individuals or employees of any non-party organization retained to render litigation support services in this lawsuit;

  f. Such other persons as the Court may order upon application of the parties; and

  g. Such other persons as the Parties may agree upon in writing, provided that any Party wishing to show the Confidential Information in this category to a witness who is not a "Qualified Person" under this section at a deposition or at trial shall so notify counsel for the Disclosing Party, who shall not withhold consent unreasonably.

 14. Confidential Information shall not be disclosed to any person described in Paragraphs 8(d), 8(f), and 8(g) above until such person has read and agreed to be bound by the terms of this Protective Order and has signed an Acknowledgement in the same form as attached hereto as Exhibit A.

 15. In the event additional parties join or are joined in this action, they shall not have access to Protected Information until the newly-joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Protective Order or an alternative protective order which is satisfactory to all parties and the Court.

 16. The provisions of this Protective Order, including the provisions regarding Confidentiality and use of the Protected Information being limited solely to the instant litigation, apply equally to all materials disclosed any Non-Party entity or person.

 17. All Protected Information that is filed with the Court for any purpose shall be filed under seal or in compliance with the procedures set forth in Local Rule

5.2. In the event that the Court denies a motion to file under seal, it shall be the burden of the party whose Protected Information is at issue to seek relief from the Court. If such relief is not requested within five business days, or if the additional request for relief is denied, the Receiving Party may file the Protected Information without it being under seal. The parties hereby agree that if the filing of Protected Information is delayed as a result of attempts to comply with this paragraph, the other party will not object to the later filing as untimely.

18. A Disclosing Party may disclose its own Protected Information in any manner it chooses, including to non-parties, without impairing or waiving the obligations imposed by this Protective Order upon others. Additionally, any person indicated on the face of a Document to be its originator, author, or a recipient may be shown the Document. A Disclosing Party may also at any time de-designate anything that it previously designated as Confidential.

19. In the event that the Disclosing Party inadvertently fails to designate as Confidential any Protected Information that is produced and that the Disclosing Party reasonably and in good faith believes should be so designated, the Disclosing Party may subsequently make such a designation by notifying the Receiving Party in writing as soon as practicable. After receipt of such notification, the Receiving Party will treat said Protected Information as if it had been designated as notified at the time the Protected information was produced and, to the extent necessary, retrieve said Protected Information from persons who are not entitled to receive such Protected Information under this Protective Order.

20. The disclosure of any Protected Information or documents later determined to be or designated as Confidential shall not be deemed a violation of this

Protective Order if the documents or information were used in good faith at a time prior to the notification of the Confidential status of the documents or information.

21. Inadvertent production of documents subject to any privilege or immunity, including work product immunity or the attorney-client privilege, shall not constitute a waiver of the immunity or privilege, provided that the Disclosing Party promptly notifies the Receiving Party in writing of such inadvertent production after the Disclosing Party learns of such inadvertent production. If prompt notification is made, such inadvertently produced Protected Information and all copies and derivatives thereof shall be returned to the Disclosing Party or destroyed, upon request.

22. A Party may object to any designation of Protected Information as Confidential under this Protective Order at any time. An objection shall be made by giving notice to the Disclosing Party, which notice shall identify with particularity the items as to which the designation is challenged and propose a new designation for each item. If the Disclosing Party fails to re- designate the material within ten (10) business days from the date of the notice and after a good faith conference, the Receiving Party may file and serve a motion for an order of the court re-designating the material. In any such situation in which a Receiving Party presents such a motion, the Disclosing Party designating the Protected Information as Confidential will retain the burden to show that the designation was properly made. While any such motion is pending, the Protected Information in question shall continue to be treated as Protected Information as designated pursuant to this Protective Order.

23. Upon termination of this litigation and any appeal therefrom, each

individual or entity subject to the terms of this Protective Order shall destroy or return to counsel for the Disclosing Party the Protected Information with the following exceptions.  All briefs, pleadings, or other filings with the Court which incorporate or disclose Protected Information, including, but not limited to, deposition and trial transcripts, may remain in the possession of the counsel for the Parties and need not be destroyed, but shall remain subject to the terms and conditions of this Protective Order. Additionally, all attorney work product, written or electronic correspondence, briefs, pleadings, deposition and trial transcripts, and other similar documents which incorporate or disclose Protected Information may remain in the possession of the counsel for the Parties and need not be destroyed, but shall remain subject to the terms and conditions of this Protective  Order.

24. Any Party, for good cause, may apply to the Court for a   modification of this Protective Order, provided that the Party seeking such modification shall first attempt in good faith to reach agreement with the other Parties regarding any proposed modification.

25. The obligations of this Protective Order shall survive the termination of this action and continue to bind the Parties and other Qualified Persons to whom Protected Information has been disclosed.  The Court  shall retain jurisdiction beyond the conclusion of this action to enforce any provision of this Protective Order, including by injunction, the imposition of sanctions for breach, or otherwise. The Parties, by the signatures of their counsel of record below, expressly consent to such jurisdiction.

**IT IS SO ORDERED.**

Date: September 9, 2025

_____
Veronica L. Duffy
U.S. Magistrate Judge

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| RODNEY M. SAMUELSON, M.D., | ) | |
| | ) | 5:23-cv-05091 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONUMENT HEALTH, INC. F/K/A | ) | **AGREEMENT TO ABIDE BY** |
| REGIONAL HEALTH, INC., MONUMENT | ) | **PROTECTIVE ORDER** |
| HEALTH PHYSICIANS, INC., F/K/A | ) | |
| REGIONAL HEALTH PHYSICIANS, INC., and | ) | |
| MONUMENT HEALTH RAPID CITY | ) | |
| HOSPITAL, INC. F/K/A RAPID CITY | ) | |
| REGIONAL HOSPITAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

_____ states and declares as follows:
*(Print Name Here)*

I understand that I am being given documents or other materials designated as "Confidential" pursuant to a Protective Order entered by the Court in the above litigation, a copy of which Protective Order is attached hereto.

I have read the attached Protective Order and agree to be bound by its terms.

I further submit myself to the jurisdiction of the above Court for purposes of enforcement of the Protective Order.

Dated: _____   _____
                                                                                              Signature